602 So.2d 228 (1992)
Lionel SUTTON, II, Plaintiff-Appellee,
v.
Arthur H. FLEMING, Defendant-Appellant.
No. 91-162.
Court of Appeal of Louisiana, Third Circuit.
June 24, 1992.
*229 James L. Brazee, Jr., Lafayette, for Fleming.
Burke, Cestia, Ralph Lee, New Iberia, for Sutton.
Before DOMENGEAUX, C.J., and DOUCET and PATIN[*], JJ.
JOHN A. PATIN, Judge Pro Tem.
This is a suit for damages arising out of an alleged breach of fiduciary duty. Plaintiff-appellee, Lionel Sutton, II, brought suit against defendant-appellant, Arthur Fleming, with whom he had entered into a joint venture for the purpose of purchasing property for development.
After a bench trial the trial court rendered judgment in favor of plaintiff, finding defendant did breach his fiduciary duty by failing to inform plaintiff that $100,000.00 of the purchase price was in actuality a "finder's fee" paid to the handling agent (in which he shared), over and above what was paid to the realtor in commission. The trial court awarded plaintiff $33,333.33 together with legal interest.
Defendant appeals the judgment asserting the following errors:
(1) the trial court erred in finding appellant breached a fiduciary duty by failing to inform co-joint venturers of a finder's fee in connection with the purchase of property;
(2) the trial court erred rendering judgment against appellant in the amount of $33,333.33; and
(3) the trial court erred in admitting a tape recorded conversation into evidence without the proper foundation having been laid.
In early 1980 a joint venture was formed between Arthur Fleming, Leon Roy and Lionel Sutton, II. The venture was formed to purchase a parcel of real estate from Norma Close for development.
The property was listed by Close with the New Orleans real estate firm of Waguespack, Pratt, Inc. The listing price was $1,000,000.00. The selling agent handling the property was Linda Donado. On May 20, 1980, a sale was executed on the property for $1,100,000.00. The real estate agency's commission on the transaction was 8% of the sale price.
After the execution of the sale, Donado was issued a check for $100,000.00 from *230 Close as a "finder's fee", in addition to the commission. The check was deposited in a joint account held by Russ Wilson, who is Donado's partner in her realty business, and Fleming. The money was then split three ways between Donado, Wilson and Fleming.
Some years later, Sutton found out about the $33,000.00 payment made to Fleming and filed this suit. The third member of the joint venture, Leon Roy, is deceased and was never a party to the action.
In his reasons for judgment the trial court stated that while it was not proved that appellant entered into a secret agreement with Donado for a share of the fee prior to the sale as plaintiff alleged, nevertheless appellant did know of the existence of the fee and had a duty to reveal this fact. The trial court stated that the other members in the venture were unaware they were being charged over and above the normal commission paid to the realtor and had this fact been known they would not have agreed to pay it. The trial court concluded that this failure to inform was a breach of appellant's fiduciary duty and awarded plaintiff the amount he contributed to the fee.
The first assignment of error asserted by appellant is that the trial court erred in finding he breached his fiduciary duty.
La.Civ.Code art. 2809 states the following:
A partner owes a fiduciary duty to the partnership and to his partners. He may not conduct any activity, for himself or on behalf of a third person, that is contrary to his fiduciary duty and is prejudicial to the partnership. If he does so, he must account to the partnership and to his partners for the resulting profits.
Furthermore, the Revision Comments on art. 2809 at (b) state:
This article prohibits activities that are prejudicial to the partnership. The relationship of partners is fiduciary and imposes upon them the obligation of good faith and fairness in their dealings with one another with respect to the affairs of the partnership.
There is a fiduciary duty between members of a joint venture similar to that which exists between partners in a partnership. See Grand Isle Campsites, Inc. v. Cheek, 262 La. 5, 262 So.2d 350 (La. 1972).
The trial court judge in his reasons for judgment cited W.A. McMichael Const. Co. v. D & W Properties, Inc., 356 So.2d 1115 (La.App. 2 Cir.1978). In that case the court summarized the fiduciary duty owed in stating that "[e]ach partner must refrain from taking any advantage of another partner by the slightest misrepresentation or concealment of material facts."
The trial court in the case at bar found as fact that Fleming knew of the "finder's fee" prior to the closing of the deal and yet did not reveal its existence to his co-joint venturers. This finding is corroborated not only by appellant's taped admission as referred to in the reasons for judgment, but also by his deposition and testimony in the record.
The fact that appellant knew of an additional $100,000.00 being added to the sale price might not be enough to be considered a breach of fiduciary duty if there had been other obvious indicators to the joint venturers throughout the sale that Donado was receiving money above what was agreed in commission. However, such was not the case.
The original asking price was $1,000,000.00. Donado got Close to agree to the "finder's fee" but, by her own admission, did not include it in the sale contract because she didn't want the buyers to think they were paying $180,000.00 in commission. The record reflects Donado's attempts to keep her receipt of the fee as quiet as possible from both the buyers and the Waguespack real estate agency.
While the trial court judge did not specifically state that appellant was privy to all of Donado's dealings, there is no disputing the fact that when he signed the contract of sale he knew it misrepresented $100,000.00 as going to the sale of the property. Furthermore, he failed to call this additional charge to the attention of his co-joint *231 venturers. They were not made aware of a further expense that they very likely would have disputed had they been made so.
The record is replete with instances which cast doubt as to the veracity of appellant. His dealings with his co-joint venturers was less than fair and not in good faith. He failed to reveal an important material fact. We find he breached his fiduciary duty and this assignment is without merit.
The second assignment of error is that the trial court erred in awarding $33,333.00 to the plaintiff. Appellant argues that the most he should be responsible for is one-third of the money he received from Donado.
La.Civ.Code art. 2810 allows a partner who has suffered from a breach of fiduciary duty to recover from the breaching partner profits and damages. Under La. Civ.Code art. 1757 obligations may arise directly from the law. The fiduciary duty owed to a partner or co-joint venturer is one such obligation.
La.Civ.Code art. 1995 states that "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived". The trial court judge found that the damage suffered by plaintiff was equal to the proportion he paid of the $100,000.00 "finder's fee". His reasoning was that the plaintiff would not have paid the additional amount over the original sale price had he known its purpose. Thus, plaintiff's loss was $33,333.33 dollars.
Applying the above stated articles to the facts of this case, we find the trial court's award to be justifiable and the second assignment without merit.
The last assignment of error is that the trial court erred in admitting into evidence a taped conversation between appellant and Leon Roy. Appellant asserts that a proper foundation was not laid so that the tape could be identified correctly. Appellant contends that there is no way to verify that the recording introduced was the original, as he asserts is required under La.C.E. art. 1002, because Roy was deceased at the time of the trial. He contends Roy is the only person who could have authenticated the recording as the original.
La.C.E. art. 901 states that:
The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
The article then gives illustrations of authentication which meet its requirements. Important to the present case is "Voice Identification" at B. (5):
Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
In the present case appellant identified his voice on the recording. He further identified the date and place of the conversation which was the subject of the recording. He did not deny what he said. His only concern was that the meaning of what he said might be misconstrued.
The trial court allowed appellant to identify his voice and the conversation before deciding whether or not the substance of what was said was admissible. This was a proper foundation under the requirements of the Code of Evidence. This assignment is without merit.
For the foregoing reasons, the decision of the trial court is affirmed with costs to be assessed to appellant.
AFFIRMED.
NOTES
[*] Judge John A. Patin, retired, participated in this decision by appointment of the Louisiana Supreme Court, as Judge Pro Tempore.